## OZAN LUMBER COMPANY *v.* UNION COUNTY NATIONAL BANK OF LIBERTY.

### ON WRIT OF CERTIORARI TO THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 37.  Submitted November 5, 1907.—Decided December 2, 1907.

*Woods & Sons* v. *Carl*, 203 U. S. 358, and *Allen* v. *Riley*, 203 U. S. 347, followed as to the power of a State, until Congress legislates, to make such reasonable regulations in regard to the transfer of patent rights as will protect its citizens from fraud.

There cannot be an exact exclusion or inclusion of persons and things in a classification for governmental purposes, and a general classification, otherwise proper, will not be rendered invalid because certain imaginary and unforeseen cases have been overlooked. In such a case there is no substantial denial of the equal protection of the laws within the meaning of the Fourteenth Amendment.

State legislation which regulates business may well make distinctions depend upon the degrees of evil without being arbitrary and unreasonable. See *Heath & Milligan Mfg. Co.* v. *Worst*, *post.*

The purpose of the statute of Arkansas providing that all notes given for payment of patented articles must show that they were so given, and permitting defenses to be made to such notes in the hands of third parties, is to create and enforce a police regulation, aimed principally at itinerant vendors of patented articles, and the distinction in § 4 that it shall not apply to merchants and dealers who sell patented articles in the usual course of business is founded upon fair reasoning and is not such a discrimination as violates the equal protection provisions of the Fourteenth Amendment.

Where the case was decided below solely upon constitutional grounds upon which the decision cannot rest, it must be remanded and if there are any other facts they can be presented upon another trial.

145 Fed. Rep. 344, reversed.

THIS case comes here upon certiorari directed to the Circuit Court of Appeals for the Eighth Circuit. The action was commenced in the United States Circuit Court for the Western District of Arkansas, upon certain promissory notes, which the defendant, the Ozan Lumber Company, in its answer alleged had been given by it in payment for a patented article, such notes not being executed upon a printed form, showing they were given in consideration of a patented machine, as required by the statute of Arkansas. Sections 513 to 516, inclusive, Kirby's Digest Laws of Arkansas.

A demurrer to the defense was interposed on the ground that it did not state facts constituting a defense. The Circuit Court sustained the demurrer, because, as it held, the act was in violation of the Fourteenth Amendment, as denying to the plaintiff the equal protection of the laws. 127 Fed. Rep. 206. The case was taken by writ of error to the Circuit Court of Appeals, where the judgment was affirmed for the reason that the act was an illegal discrimination against patented articles. 145 Fed. Rep. 344. The application by defendant for a certiorari to review that judgment was granted.

Mr. T. C. McRae and Mr. U. M. Rose, for petitioner, submitted:

There is a manifest difference between the patent right and patented articles made under that right. The latter have entered into the common mass of merchandise of the State, and are necessarily within the police power of the State. Stephens v. Cady, 14 How. 528.

As to the domestic trade of the States, Congress has no power of regulation, nor any direct control. This power belongs exclusively to the States. License Tax Cases, 5 Wall. 470.

Whether Congress could legislate on this subject is a question that does not arise here. New York v. Miln, 11 Pet. 146:

*Blalock* v. *Alling*, 93 U. S. 99; *Mobile* v. *Kimball*, 102 U. S. 691, 697; *Cooley* v. *Board, &c.*, 12 How. 299.

The power to make police regulations for the protection of its citizens against fraud and imposition has not been taken from the States. *Brechbill* v. *Randall*, 102 Indiana, 528; *S. C.*, 52 Am. Rep. 695; *United States* v. *Dewitt*, 9 Wall. 41; *Mann* v. *Illinois*, 94 U. S. 135; *Civil Rights Cases*, 109 U. S. 14.

In the execution of its police powers the State has a right "to enact such legislation as it may deem proper, even in regard to interstate commerce for the purpose of preventing fraud or deception." *Schollenberger* v. *Pennsylvania*, 171 U. S. 14.

In *New* v. *Walker*, 108 Indiana, 365; *S. C.*, 58 Am. Rep. 40, one of these statutes relating to patent rights was held to be valid. To the same effect see *Shires* v. *Commonwealth*, 120 Pa. St. 368; *Reeves* v. *Baker*, 51 Fed. Rep. 785; *Mason* v. *McLeod*, 57 Kansas, 105; *Sandage* v. *Studebaker Co.*, 142 Indiana, 148; *Robertson* v. *Cooper*, 1 Ind. App. 78; *Pinney* v. *First Nat. Bk.*, 75 Pac. Rep. 119; *S. C.*, 78 Pac. Rep. 161; *Hankey* v. *Downey*, 116 Indiana, 119; *Pegram* v. *Am. Alkali Co.* (Pa.), 122 Fed. Rep. 1004; *Haskell* v. *Jones*, 86 Pa. St. 173.

The fact that the statute may indirectly affect patents furnishes no objection to its validity. *Slaughter-House Cases*, 16 Wall. 62.

Since the preparation of the brief on the petition for certiorari in this case, this court has determined the validity of the Arkansas statute in question, at least for the purposes of the present case. *Woods & Sons* v. *Carl*, 203 U. S. 358.

*Mr. Morris M. Cohn*, for respondent, submitted:

The statute in question is void because of the improper classification made by the exception from the provisions of the act of "merchants and dealers who sell patented things in the usual course of business." *Gulf, Colorado & Santa Fe Ry. Co.* v. *Ellis*, 165 U. S. 150; *Connelly* v. *Union Sewer Pipe Company*, 184 U. S. 540; *Cotting* v. *Kansas City Stock Yards Co.*, 183 U. S. 179; *Dobbins* v. *Los Angeles*, 195 U. S. 223, 236;

*Lake Shore Ry. Co.* v. *Smith*, 173 U. S. 684; *Magoun* v. *Illinois Trust & Savings Bank*, 170 U. S. 283; *Minnesota* v. *Barber*, 136 U. S. 313; *Soon Hing* v. *Crowley*, 113 U. S. 709; *Ward* v. *Maryland*, 12 Wall. 418; *Ex parte Deeds*, 75 Arkansas, 542; *Woods* v. *Carl*, 75 Arkansas, 328, 335; *Ex parte Ft. Smith Bridge Co.*, 62 Arkansas, 461; *State* v. *Sheriff, &c.*, 48 Minnesota, 236; *People* v. *Max*, 99 N. Y. 377; *Dickson* v. *Poe*, 159 Indiana, 492; *Hannon* v. *State*, 66 Ohio St. 249; *Brown* v. *Jacobs P. Co.*, 115 Georgia, 429; *In re Flucks*, 157 Missouri, 125; *Stinson* v. *Muskegon Brewing Co.*, 100 Michigan, 347; *Gillespie* v. *People*, 188 Illinois, 176; *Templar* v. *Michigan St. Board*, 90 N. W. Rep. 1058.

MR. JUSTICE PECKHAM, after making the foregoing statement, delivered the opinion of the court.

The validity of this very statute of Arkansas (at least until Congress legislates upon the subject) has already been affirmed by this court, *Woods & Sons* v. *Carl*, 203 U. S. 358, and the validity of statutes of a somewhat similar nature has also been affirmed in the case of *Allen* v. *Riley*, 203 U. S. 347, immediately preceding the case above cited.

It is sought to avoid the authority of our decision upon this Arkansas statute by asserting that nothing was therein decided, except the validity of the first section of the act, and that the validity of the act when considered in connection with the fourth section was not argued or decided. The fourth section reads as follows: "This act shall not apply to merchants and dealers who sell patented things in the usual course of business." Other reasons for an affirmance are set up in the brief of respondent.

The grounds given for the decision by the Circuit Court and the Circuit Court of Appeals differ somewhat. The Circuit Court says that the effect of the fourth section of the statute is to violate that portion of the Fourteenth Amendment to the Federal Constitution, which provides that no State shall

deny to any person within its jurisdiction the equal protection of the laws; while the Circuit Court of Appeals bases its judgment upon the unlawful discrimination evidenced by the act against those who are protected by a patent granted by the United States.

In 203 U. S. 358, *supra,* this court held the statute valid as against an objection of the same nature as that taken herein by the Circuit Court of Appeals. Our decision in that case had not been made at the time of the decision of this case in the courts below. The ground taken by the Circuit Court was not discussed in our opinion in 203 U. S. and although it might be urged that all objections to its validity arising upon the face of the statute, even if not specially discussed, were overruled by the decision; yet assuming that the particular question now presented is still open in this court, we are of opinion that the exception contained in section four does not render the statute invalid. The plain purpose of the whole statute is to create and enforce a proper police regulation. Its passage showed that the legislature was of opinion that fraud and imposition were frequent in the sale of property of this nature, except in the cases mentioned in § 4, and that temptations to false representations in regard to the virtues and value of the article sold were also frequently yielded to. When the sale of the article was effected by such representations, and a note given for the amount of the sale, a transfer of the note to a *bona fide* purchaser for value before its maturity prevented the vendee from showing the fraud by which the sale had been accomplished. In order to reach such a transaction and to permit the vendee to show the fraud, the statute was passed. It was doubtless thought that merchants and dealers, as mentioned in the statute, while dealing with the patented things in the manner stated, would not be so likely to make representations or to engage in a fraud to effect a sale, as those covered by the statute. The various itinerant vendors of patented articles, whose fluency of speech and carelessness regarding the truth of their representations, might almost be said to have

become proverbial, were, of course, in the mind of the legislature, and were included in this legislation. Indeed they are the principal people to be affected by it.

The manufacturer of a patented article, who also sells it in the usual course of business in his store or factory, would probably come within the exception of § 4. He may be none the less a dealer, selling in the usual course of his business, because he is also a manufacturer of the article dealt in. Exceptional and rare cases, not arising out of the sale of patented things in the ordinary way, may be imagined where this general classification separating the merchants and dealers from the rest of the people might be regarded as not sufficiently comprehensive, because in such unforeseen, unusual and exceptional cases the people affected by the statute ought, in strictness, to have been included in the exception. See opinion of Circuit Court herein, 127 Fed. Rep., *supra*. But we do not think the statute should be condemned on that account. It is because such imaginary and unforeseen cases are so rare and exceptional as to have been overlooked that the general classification ought not to be rendered invalid. In such case there is really no substantial denial of the equal protection of the laws within the meaning of the amendment.

It is almost impossible, in some matters, to foresee and provide for every imaginable and exceptional case, and a legislature ought not to be required to do so at the risk of having its legislation declared void, although appropriate and proper upon the general subject upon which such legislation is to act, so long as there is no substantial and fair ground to say that the statute makes an unreasonable and unfounded general classification, and thereby denies to any person the equal protection of the laws. In a classification for governmental purposes there cannot be an *exact* exclusion or inclusion of persons and things. See *Gulf &c. Co.* v. *Ellis*, 165 U. S. 150, and cases cited; *Missouri &c. Co.* v. *May*, 194 U. S. 267. We can see reasons for excepting merchants and dealers who sell patented things, in the usual course of business, from the provisions of the statute,

and we think the failure to exempt some few others, as above suggested, ought not to render the whole statute void as resulting in an unjust and unreasonable discrimination.

The case of *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, one of the cases cited by the Circuit Court, is not in our opinion applicable. The statute did not apply to agricultural products or livestock while in the hands of the producer or raiser. It was held that this exemption rendered the statute void, as denying to persons within the jurisdiction of the State the equal protection of the laws. The statute was held to create a classification of an arbitrary nature, applicable to large numbers of people, and yet not based upon any reasonable ground. Those who were exempted from its provisions were numerous and stood practically in the same relation to the subject matter of the statute as did the other class upon whom the statute acted, and no valid reason could be given why, if one were included, the other should be exempted. The same reasons applied to all the classes, and should have led to the same results with regard to all. There was no room for a proper or fair discrimination.

We think there is a distinction, founded upon fair reasoning, which upholds the principle of exemption as contained in the fourth section, and that, consequently, the statute does not violate the Fourteenth Amendment on the ground stated.

The case was decided by the courts below solely upon constitutional grounds, and upon those grounds the decision cannot rest. It must, therefore, be remanded, and if there be any other facts to be urged they can be presented on another trial.

The judgments of the Circuit Court and the Circuit Court of Appeals must be reversed and the case remanded to the Circuit Court for further proceedings not inconsistent with this opinion.

*Reversed.*