**LAMMON v. CITY OF SAN ANTONIO et al.**

No. 11987.

Court of Civil Appeals of Texas. San Antonio.

Sept. 28, 1949.

Rehearing Denied Oct. 19, 1949.

534

S. D. Hopkins, San Antonio, for appellant

Austin F. Anderson, City Atty., San Antonio, Hugh R. Robertson, Asst. City Atty., San Antonio, for appellees.

NORVELL, Justice.

Edward Lammon brought this suit against the City of San Antonio and Fred Palmer, its Chief of Police, seeking to enjoin the city and its police department from enforcing a city ordinance (No. OG-203) relating to the solicitation of magazine subscriptions within the City of San Antonio. The trial court refused to grant an injunction.

It appears that Lammon is the sales manager for National Publications, Incorporated, of Los Angeles, California, which publishes eleven magazines, including the "Sports Digest" and "International Chefs and Stewards Magazine." The corporation has no office or place of business in Texas and none of its magazines are published within the State. Sales of subscriptions are effected by a crew of salesmen and saleswomen who move at irregular intervals from state to state and city to city.

Lammon, as the head of this sales crew, applied for a permit to solicit subscriptions within the City of San Antonio. Ordinance OG-203 provides that "it shall be unlawful for any person to solicit advertising, to sell or offer to sell subscription contracts for any magazine, book or periodical within the City of San Antonio without first securing a permit from the mayor as herein provided."

The ordinance provides that the applicant shall give certain information to the "Vigilance Committee," evidently an investigating body, which shall recommend to the mayor that a permit be granted or refused. Upon a favorable report from the committee the mayor may issue a permit. The ordinance provides that upon the permit, when granted, "shall be indorsed in red letters, 'Not transferable' and 'Not good on a street or in a public place.'"

It is also provided that, "Nothing in the Ordinance shall be deemed to grant a right to solicit or beg upon the streets or in public places of the City of San Antonio."

Lammon secured a form of permit signed by the Secretary of the Vigilance Committee, but not by the mayor, which contained the wording, "Not good on a street or in a public place."

While soliciting magazine subscriptions upon the streets of San Antonio, certain members of Lammon's sales crew were arrested by the police.

It seems clear to us that the appellant and his sales crew were engaged in commercial soliciting for private profit. The case, consequently, is not governed by Schneider v.

State of New Jersey (Town of Irvington), 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155, and Lovell v. Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949, and cases of similar import, but is controlled by authorities like Greene v. City of San Antonio, Tex.Civ. App., 178 S.W. 6, 7, wherein Chief Justice Fly, speaking for the Court, said: "No individual has the inherent right to use a street or highway for business purposes. No man has the right to use a street for the prosecution of his private business, and his use for that purpose may be prohibited or regulated as the state or municipality may deem best for the public good. Not having the absolute right to use streets for the prosecution of private business, within the bounds of reason, where no discrimination is shown, persons or classes of persons may be controlled or regulated in the use of streets." See also 39 Tex.Jur. 609, § 65.

 The injunction was rightfully refused, because appellant failed to show that any right of his, protected by the Fourteenth Amendment to the Constitution of the United States, had been violated by the City of San Antonio and its police department.

The only matter before us is appellant's asserted right to equitable relief. If appellant or his employees have good defenses to the charges against them they may be properly asserted in the criminal courts. State ex rel. McNamara v. Clark, 79 Tex.Cr.R. 559, 187 S.W. 760.

We are not in agreement with appellees in their contention that appellant's suit is barred under the doctrine of res judicata. In two former cases interlocutory judgments were rendered against appellant, but each of these cases terminated in a voluntary discontinuance which did not amount to a retraxit. 26 Tex.Jur. 76-84, 88, 100-102, §§ 383-385, 389, 399-400.

The judgment appealed from provides: "That, in accordance with the cross-action of the defendants, an injunction is hereby ordered permanently enjoining and prohibiting the plaintiff, Edward Lammon, his agents, representatives and employees from using the streets or public places of the City of San Antonio, for the purpose of carrying on his and their commercial enterprise and private business, namely, the solicitation of subscription contracts for magazines or other publications for private profit."

The judgment will be reformed so as to eliminate therefrom the clause above quoted. The order is nothing more than one restraining the appellant from violating a penal ordinance. "It is a well settled general rule that equity will not issue an injunction to restrain the commission of a threatened act merely to prevent the violation of a municipal ordinance, especially where the ordinance itself provides penalties for its violation." 28. Am. Jur. 343, § 152. In this case no necessity for equitable intervention is shown. "Equity is in no sense a court of criminal jurisdiction, and its reluctance to intervene in matters purely criminal or penal is recognized universally." 28 Am.Jur. 336, § 148. See also City of San Antonio v. Schutte, Tex.Civ.App., 246 S.W. 413, 24 Tex.Jur. 70.

The judgment appealed from will be reformed and, as reformed, affirmed.

SMITH, C. J., absent.