## SLATER v. CITY OF EL PASO et al.
### No. 4836.

Court of Civil Appeals of Texas. El Paso.

Oct. 24, 1951.

Rehearing Denied Nov. 14, 1951.

Second Rehearing Denied Dec. 12, 1951.

A. L. Poage, Alex Silverman, El Paso, for appellant.

Travis White, City Atty., H. E. Brockmoller, Asst. City Atty., El Paso, for appellees.

McGILL, Justice.

Appellant brought this suit against the City of El Paso, a municipal corporation, its Mayor and Chief of Police, seeking to enjoin the city and such officers from enforcing a city ordinance (No. 500) prohibiting the solicitation of orders or subscriptions of any book, magazine or periodical on the streets, alleys or parks within a certain defined portion of the business district of the city of El Paso. On final hearing the trial court refused to grant any injunctive relief and awarded judgment for $250 against appellant on a bond filed by him on the issuance of a temporary restraining order.

Appellant is a resident of California. He is engaged in the business of soliciting and obtaining subscriptions to certain magazines and periodicals of national scope, such as Liberty, Look, Quick, Florida Queen, International Sportsman, Golfer and Sportsman, Popular Mechanics, and others. He operates by crews of salesmen and saleswomen who travel from state to state and from city to city, carrying on their campaigns of soli-

citation therein at irregular intervals. Subscriptions obtained are sent to the publishers and the publications delivered to the subscribers both within and without the State of Texas. The evidence is ample to show that these crews while operating in the prohibited district of the city of El Paso had seriously disrupted traffic on the streets and sidewalks by stopping pedestrians and causing groups to congregate on the sidewalks to such an extent that other pedestrians were compelled to abandon the sidewalks and take to the streets in order to pass.

Appellant attacks the ordinance because (1) it is arbitrary, discriminatory and unconstitutional under the Fourteenth Amendment to the Federal Constitution and Article 1, Sections 3 and 19 of the Constitution of this State, Vernon's Ann.St.; (2) and also because it infringes his freedom of speech and of the press guaranteed him under the United States and Texas Constitutions, and (3) violates the Interstate Commerce clause of the United States Constitution. On oral argument appellant practically conceded that since the decision of the Supreme Court of the United States in Breard v. City of Alexandria, 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233, decided June 4, 1951, he did not care to seriously argue his second (2) and third (3) points, although he did not waive them.

■ We think that opinion definitely put at rest any question of the validity of the ordinance in question here insofar as abridgement of freedom of speech and of the press, First and Fourteenth Amendments, and the Commerce clause, Art. 1, Sec. 8 of the Federal Constitution, are concerned. We shall therefore confine our opinion to a discussion of the first point (1). In this connection we should say at the outset that in our opinion the decision in Lammon v. City of San Antonio, Tex.Civ.App., 223 S.W.2d 533, (Wr. ref. n. r. e.) is an authoritative holding by the Supreme Court of this State that the trial court in this case committed no reversible error. The ordinance of the City of San Antonio which was before the court in that case differs in no material respect from the ordinance here involved, the only substantial difference being that the ordinance there prohibits the solicitation on a street or in a public place of the entire city, while the prohibition of the ordinance here applies only to streets, alleys or parks within a portion of the business district of the city. No legal distinction is suggested on this ground. The San Antonio Court of Civil Appeals based its decision upholding the judgment of the trial court refusing injunctive relief on two grounds—(1) because appellant failed to show that any right of his protected by the Fourteenth Amendment to the Constitution of the United States had been violated, and (2) because if appellant or his employees had good defenses to the charges filed against them they might be properly asserted in the criminal courts, citing State ex rel. McNamara v. Clark, 79 Tex. Cr.R. 559, 187 S.W. 760, in which it was held that in such a situation equitable relief by injunction should not have been granted. Both of these grounds on which the judgment of the San Antonio Court of Civil Appeals is based exist with equal force here. It is inconceivable that the grounds of the decision should not have been attacked in the application for the writ of error and considered by the Supreme Court. Therefore, the Supreme Court by refusing the writ, n.r.e., must necessarily have approved one or the other of these grounds. We should be content to stop here were it not for the fact that we realize that where the Fourteenth Amendment to the United States Constitution is involved we are bound to follow the decisions of the Supreme Court of the United States, and not those of the Supreme Court of this State if not in accord therewith. We shall therefore pursue the matter further.

■■ Appellant readily concedes, as he must, that he has no inherent right to use the streets and sidewalks of the City of El Paso for the prosecution of his private business, and that such use may be regulated or prohibited by the municipality as it may deem best for the public good, so long as no discrimination is shown. Greene v. City of San Antonio, Tex.Civ. App., 178 S.W. 6, (wr. ref.).

In Schneider v. State (Town of Irvington), 308 U.S. 147, 60 S.Ct. 146, 152, 84 L.Ed. 155, the Supreme Court in holding invalid certain ordinances, which prohibited the distribution of any hand-bill to pedestrians upon the streets or sidewalks, said: "We are not to be taken as holding that commercial soliciting and canvassing may not be subjected to such regulation as the ordinance requires."

The burden of appellant's complaint is that the ordinance shows discrimination on its face because by its terms it applies only to persons who solicit or accept orders for subscription "for any book, magazine or periodical" and not to those who may solicit or accept orders for merchandise, such as a suit of clothes or other commodities of trade, or produce, nor does it prevent the sale of newspapers in the restricted area. Certain controlling rules relative to class legislation were announced by our Court of Criminal Appeals in Ex parte Tigner, 139 Tex.Cr.R. 452, 132 S.W.2d 885, affirmed Tigner v. State, 310 U.S. 141, 60 S. Ct. 879, 84 L.Ed. 1124, which upheld our Anti-Trust Statute, Art. 1642, Penal Code, as against the objection that it was repugnant to the equal protection clause of the Fourteenth Amendment, because it exempted from its operation agricultural products and livestock while in the hands of the producer or raiser. These rules were again stated in Ex parte George, Tex. Cr.App., 215 S.W.2d 170, 173, in which the "Plumbing License Law, 1947" Art. 6243–101, V.C.S., was attacked because of certain exceptions therein. We quote: "(1). The equal-protection clause of the 14th Amendment (U.S.C.A.Const.) does not take from the state the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety, or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably

can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary. Bachtel v. Wilson, 204 U.S. 36, 41, 27 S.Ct. 243, 51 L.Ed. 357, 359; Louisville & N. R. Co. v. Melton, 218 U.S. 36, 30 S.Ct. 676, 54 L. Ed. 921 (47 L.R.A.,N.S., 84); Ozan Lumber Co. v. Union County Nat. Bank, 207 U.S. 251, 256, 28 S.Ct. 89, 52 L.Ed. 195, 197; Munn v. Illinois, 94 U.S. 113, 132, 24 L.Ed. 77, 86; Henderson Bridge Co. v. Henderson, 173 U.S. 592, 615, 19 S.Ct. 553, 43 L.Ed. 823, 831."

Another well settled rule was stated in Watts v. Mann, Tex.Civ.App., 187 S.W.2d 917, 926, (wr. ref.) by Chief Justice McClendon:

"'If the class discriminated against is, or reasonably might be, considered to define those from whom the evil mainly is to be feared it may properly be picked out.' Cooley on Const.Lim., Vol. 2, p. 813.

"'We start with the general consideration that a state may classify with reference to the evil to be prevented, and that if the class discriminated against is or reasonably might be considered to define those from whom the evil mainly is to be feared, it properly may be picked out. * * * It is not enough to invalidate the law that others may do the same thing and go unpunished, if, as a matter of fact, it is found that the danger is characteristic of the class named. * * * The state "may direct its law against what it deems the evil as it actually exists without covering the whole field of possible abuses."' Mr. Justice Holmes in Patsone v. Pennsylvania, 232 U.S. [137] 138, 34 S.Ct. 281, 282, 58 L.Ed. 539."

In the Patsone case from which Chief Justice McClendon quotes, the plaintiff in error, Patsone, was an unnaturalized foreign born resident of Pennsylvania who was convicted of owning or having in his possession a shotgun, contrary to an Act of May 8, 1909, Pa.Laws of 1909, No. 261, p. 466. The Statute made it unlawful for any unnaturalized foreign born resident to

kill any wild bird or animal except in defense of person or property, and "to that end" made it unlawful for such foreign born person to own or be possessed of a shotgun or rifle, with a penalty of $25 and the forfeiture of the gun or guns. The Supreme Court upheld that statute. There are many authorities in this and other states where the rules above quoted have been applied. For well considered opinions see Ex parte Mares, 75 Cal.App.2d 798, 171 P.2d 762, and Slater v. Salt Lake City, Utah, 206 P.2d 153, 9 A.L.R.2d 712. We deem further citation unnecessary.

█ It is quite clear, we think, that the ordinance before us does not evidence such unreasonable discrimination against appellant as to infringe his rights under either the Fourteenth Amendment to the Constitution of the United States or Art. 1, Sections 3 and 19 of the Constitution of this State. That there is a reasonable relation between the evil sought to be abated and the class of solicitors to which appellant belongs we have no doubt. That the ordinance is not all inclusive or as broad in its scope as it could be does not render it invalid. Not only did appellant fail to show that there was no actual evil caused by the solicitation of subscriptions to books, magazines and periodicals on the sidewalks of the City of El Paso within the prohibited area which the ordinance sought to prevent, but the evidence unquestionably shows that there was such an evil, i. e., congestion of traffic on the streets and sidewalks, an evil which the city under the police power most assuredly had the power to regulate or prohibit; also it was not shown that such evil resulted from any other kind of solicitation, but on the contrary the evidence is to effect that no traffic congestion was caused by other solicitations such as charitable drives for aid of sufferers from cancer, and poppy sales by veterans' organizations.

That there is a real distinction between solicitation for future delivery and solicitation for immediate delivery—in other words an immediate sale—is ably demonstrated in the opinion in Ex parte Mares, supra, 171 P.2d loc. cit. 766 (9–10).

We hold that the ordinance is valid and the trial court did not err in refusing to enjoin its enforcement and in awarding damages on the bond filed by appellant.

The judgment is affirmed.

On Appellant's Motion for Rehearing.

A possible distinction between the ordinance under consideration in Lammon v. City of San Antonio, Tex.Civ.App., 223 S.W.2d 533 and the ordinance here is that so far as we are able to tell from the opinion in the Lammon case the ordinance there prohibited solicitation only, whereas the ordinance involved in this case provides "No person shall solicit *or accept* orders for subscriptions for any book, magazine or periodical on the streets * * *" (emphasis ours) within the prohibited area. If the ordinance here involved be construed to prohibit the acceptance of an unsolicited order, it might have no reasonable relation to control of traffic congestion. We think, however, it must be reasonably construed in view of the evil sought to be abated, and that when so construed, it does not prohibit the mere acceptance of an order in the absence of solicitation therefor.

The motion is overruled.