## BENNETT, ADMINISTRATRIX, v. EVANSVILLE AND TERRE HAUTE RAILWAY COMPANY ET AL.

[No. 7,628. Filed June 23, 1911.]

1. MASTER AND SERVANT.—*Railroads.*—*Employers' Liability Act.*— A complaint founded upon section one of the employers' liability act (Acts 1893 p. 294, §8017 Burns 1908), providing that "every railroad * * * in this State, shall be liable for damages for personal injury, * * * Second. Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of the injury was bound to conform, and did conform," alleging that defendant railroad company's boss of its bridge gang negligently ordered him to help in a specified way to unload piling from a flat car, and that in carrying out such order he was injured, should be held sufficient. p. 148.

2. COURTS.—*Federal.*—*State.*—*Superiority.*—The decisions of the federal Supreme Court are binding upon state courts. p. 150.

3. APPEAL.—*Transfer.*—*Constitutional Questions.*—*Erroneous Decisions.*—Where a case involves a constitutional law question, and where a ruling precedent of the Supreme Court appears erroneous, the Appellate Court will transfer the case to the Supreme Court with an appropriate recommendation. p. 150.

From Greene Circuit Court; *Charles E. Henderson,* Judge.

Action by Lula Bennett, as administratrix of the estate of Emery C. Bennett, deceased, against the Evansville and Terre Haute Railway Company and another. From a judgment for defendants, plaintiff appeals. (For final decision, see — Ind. —.) *Transferred to Supreme Court.*

*W. L. Slinkard,* for appellant.

*J. E. Iglehart, Edwin Taylor, E. H. Iglehart* and *John T. & Will H. Hays,* for appellees.

IBACH, J.—Suit by appellant, as administratrix, to recover damages for the death of Emery C. Bennett, which occurred, it is alleged, by reason of the negligence of appellees. Each appellee filed a separate demurrer to the complaint, which demurrers were sustained. Appellant declined to plead further, and judgment was rendered for appellees.

The sole question arising on this appeal is the sufficiency of the complaint, as the only error assigned is in sustaining the demurrers.

The complaint is long and verbose. Following is a brief summary of the facts averred: That Bennett was employed by defendant railroad companies as a member of a bridge gang, whose business it was, among other things, to work upon certain bridges; that he was on July 4, 1907, ordered by defendants, through the boss of the gang with which he was working, to assist in unloading a carload of piling, by rolling them off the car with canthooks and crowbars; that all the piling had been unloaded but two pieces, one of which remained on top of the other, on the east side of the car, and both were stuck and fast; that Bennett was ordered by the boss to go to the center of the car, a dangerous place, to the east of the piling, and in front of the way the piling was compelled to roll; that as he was thus situated the piling was, by the orders of the boss, started to roll, that it rolled toward the east, and followed Bennett who was trying to get out of the way; that in trying to escape he jumped from the east side of the car, but the piling rolled off and struck him, and as a result of the injury he died. It is also averred that he had been long employed by defendants as a servant for hire, and was working in the line of his duty when injured.

Appellees are charged with negligence in failing to supply chocks, stops or standards to stop the piling from rolling off the car, and in failing to supply skids on which the piling could slide down from the car. It is alleged that

appellees, by their boss, whose orders and commands Bennett was bound to obey, were negligent in ordering Bennett into a place of danger, in failing to notify him of the danger, in failing to order him therefrom, and in negligently ordering the piling to be pried loose and rolled off the car, in a dangerous manner, while Bennett was thus situated, and that Bennett's death was the result of appellees' negligence. It is averred that Bennett used due care and caution and was without fault or negligence, and that the boss knew that the piling was stuck, and was hard to break loose, and when started would roll off the car with great force, and, knowing these things, ordered Bennett into the dangerous place in front of the piling.

The complaint seems to have been drawn under section one of the employers' liability act. §8017 Burns 1908, Acts 1893 p. 294. This court, in the recent case of *Richey* v. *Cleveland, etc., R. Co.* (1911), 47 Ind. App. 123, said that ''in order to state a cause of action under the second subdivision of the statute, it is necessary that the complaint should state facts which show (1) that the plaintiff was employed by a corporation engaged in the operation of railroads; (2) that the person giving the order or direction was employed by such railroad company, and that the person injured was bound to comply with such order, and did so comply; (3) that the order was a special order, not as broad as the general scope of the employment; (4) either that the order given was a negligent order, or, in the event said order was not negligently given, that while plaintiff was performing his duty in carrying out said order, and while he was in a place where he was required to be in the performance of his duty under said order, he was injured through some negligent act or omission of the person giving the order or direction.''

The present complaint would thus seem sufficient. But the Supreme Court of this State has held §8017, *supra,* to be constitutional only so far as it applies to those employes

of railroad companies who are engaged in operating trains. Appellant, on the facts averred, was not thus engaged. A late decision of the United States Supreme Court (*Louisville, etc., R. Co.* v. *Melton* [1910], 218 U. S. 36, 30 Sup. Ct. 676, 54 L. Ed. 921), holds that such a statute may apply to all employes of a railroad company, and not violate the equal protection clause of the 14th amendment to the United States Constitution. The decisions of the United States Supreme Court are binding on state courts, and the Appellate Court of this State cannot decide constitutional questions. As the question presented by this case is practically the question presented by the case of *Richey* v. *Cleveland, etc., R. Co., supra,* upon the authority of that case, and for the reasons there given, we respectfully request the Supreme Court of this State to take over this case and decide it, and that they overrule the cases of *Indianapolis Traction, etc., Co.* v. *Kinney* (1909), 171 Ind. 612, and *Cleveland, etc., R. Co.* v. *Foland* (1910), 174 Ind. 411, and follow the ruling in the case of *Indianapolis St. R. Co.* v. *Kane* (1907), 169 Ind. 25.

This case is transferred to the Supreme Court, under the provisions of §1429 Burns 1908, Acts 1893 p. 29, §3.