

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 12, 1951

Hon. Stuart B. Lumpkins
County Attorney
Ellis County
Waxahachie, Texas

Opinion No. V-1186.

Re: Legality of a property owner employing unlicensed persons to do plumbing work on property which he owns but which he does not own or occupy as his home, under authority of the exception allowed in Article 6243-101, Section 3, Subsection (a), V.C.S.

Dear Sir:

Your request for an opinion reflects that a building contractor in Waxahachie has purchased certain property upon which he intends to construct a house for the purpose of resale. He does not have any intention of occupying the house as a home and does not now occupy any of the land upon which the house is being built as a home. The contractor in question is not a licensed plumber, nor are the persons he proposes to use in installing the plumbing.

Based on the above facts, you ask the following question:

"Where a person owns property, but does not occupy or regard such as his 'home', may he have plumbing work done on such building by himself or by unlicensed persons or employees, under Section 3, Subsection a, of Article No. 6243-101?"

Article 6243-101, Vernon's Civil Statutes, "The Plumbing License Law of 1947," forbidding plumbing work by those who do not hold State licenses, was enacted by the 50th Legislature in 1947. Acts 50th Leg., 1947, ch. 115, p. 192. Section 3 of the act in question provides in part as follows:

"Sec. 3. The following acts, work and conduct shall be expressly permitted without license:

"(a) Plumbing work done by a property owner in a building owned or occupied by him as his home;"

The validity of the Plumbing License Law of 1947 was expressly sustained in Ex parte George, 152 Tex. Crim. 465, 215 S.W.2d 170 (1948). This office has previously held in Opinion V-549 (1948) that this statute does not prohibit a property owner from doing plumbing work without a license in a building under construction which is to be occupied by him as his home.

For the exception allowed in Subsection (a) of Section 3 of Article 6243-101 to be applicable, we think the plumbing work must be done on property owned or occupied by the property owner as his home or to be occupied by him as his home. The basic requisite for the application of the exception is that the person proposing to do the plumbing work must be doing such work on his own property which he occupies as his home or intends to occupy as his home. As was held in Opinion V-549, he can perform the plumbing work on property as to which he possesses the present intention of ownership as his home, although he has not as yet occupied or does not at the present occupy the premises as his home. On the other hand, when the owner is constructing a house for the purpose of resale and has no intention of occupying it as his home, we agree with you that the exception does not apply.

Your question is accordingly answered in the negative.

## SUMMARY

The provisions of Section 3(a) of the Plumbing License Law of 1947 (Article 6243-101, V.C.S.), permitting an unlicensed person to do plumbing work in or on a building owned or occupied by him as a home, does not apply to an unlicensed property owner and unlicensed third parties employed by him in doing plumbing work on a house being built by such owner for the purpose of sale, and not intended for use or occupancy by him as a home.

Very truly yours,

PRICE DANIEL
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant

APPROVED:

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

MKW/mwb