PD-1637-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/8/2015 6:55:46 PM
Accepted 1/16/2015 12:04:22 PM
ABEL ACOSTA
CLERK

NO. __PD-1637-14__

## IN THE
## COURT OF CRIMINAL APPEALS OF TEXAS

# EX PARTE
# CURTIS WAYNE HUDDLESTON

## APPELLANT'S PETITION
## FOR DISCRETIONARY REVIEW

Appeal from the 21st/335th Judicial District Court, Burleson and
Washington Counties of Texas
Trial Court Cause No. CR14,220 and
Cause Number 10-14-00073-CR in the Tenth Court of Appeals of Texas

**LAW OFFICE OF BENTON ROSS WATSON**
120 E. 1st Street
P.O. Box 1000
Cameron, Texas 76520
(254) 307-8181
(254) 231-0212—Facsimile
ross@texastopdefense.com
State Bar No. 24077591

**ORAL ARGUMENT REQUESTED**

### STATE OF TEXAS

Ms. Lauren Haevischer
Assistant Burleson County District Attorneys
Burleson County District Attorney's Office
100 West Buck, Suite 407
Caldwell, Texas 77836

### PETITIONER'S TRIAL COUNSEL

Clyde W. Chandler
120 E. 1st Street
P.O. Box 888
Cameron, Texas 76520

### PETITIONER'S COUNSEL FOR

### THE WRIT HEARING AND APPEAL

Benton Ross Watson
120 E. 1st Street
P.O. Box 1000
Cameron, Texas 76520

### TRIAL COURT JUDGE

The Honorable Reva Towslee-Corbett
335th District Court Judge
100 W. Buck Street, Ste. 411
Caldwell, Texas 77836

# TABLE OF CONTENTS

NAMES OF PARTIES TO THE FINAL JUDGMENT ..........................I

INDEX OF AUTHORITIES.................................................................IV

STATEMENT REGARDING ORAL ARGUMENT...........................VII

STATEMENT OF THE CASE................................................................VII

STATEMENT OF PROCEDURAL HISTORY ................................. VIII

QUESTIONS PRESENTED FOR REVIEW........................................... X

I.    Whether the Waco Court of Appeals may deny standing under the First Amendment, and Equal Protection Clause when it does not address standing under First Amendment law, and does not mention equal protection.

II.   Whether the Waco Court of Appeals may find pretrial habeas constitutional challenges noncognizable when that finding violates well-established precedent of Texas and the United States Supreme Court.

STATEMENT OF THE FACTS............................................................. 1

I. QUESTION ONE RESTATED:.......................................................2

    The Waco Court failed to address all issues, applied incorrect legal standards, and ignored well-established law. ............................. 2

A. Reasons for Granting Review: ...................................................... 2

B. Summary of Facts & Basis for Argument............................................3

C. Argument. .................................................................................... 4
1. The Waco Court did not use First Amendment law to decide the cognizability of First Amendment claims.......................................... 4
2. The Waco Court completely ignored Equal Protection claims........... 5

II. QUESTION TWO RESTATED: ......................................................... 7

    The Waco Court of Appeals' reasoning and conclusion are contrary to established law.................................................................. 7

A. Reasons for Granting Review: .......................................................... 7

B. Summary of Facts & Basis for Argument.......................................... 8

C. Argument. ....................................................................................... 10

1. Statutory applications, meanings, and justifications must be addressed when First Amendment or other fundamental rights are implicated. ................................................................................ 10

   a. First Amendment attacks always analyze applications, meanings, and justifications. ............................................................ 10

   b. Claims based on fundamental rights and equal protection also analyze applications, meanings, and justifications. ......................... 13

   c. Mr. Huddleston's challenges are cognizable. ................................. 14

      1) Statutory Complaints ..................................................................... 14

      2) The underlying facts do not matter. .............................................. 18

2. The Waco Court of Appeals disposed of this case in a manner that threatens the reliability of our justice system............................ 20

PRAYER ................................................................................................. 21

CERTIFICATE OF SERVICE ............................................................... 21

CERTIFICATE OF COMPLIANCE....................................................... 23

APPENDICES........................................................................................ 24

   *Ex parte Huddleston*,

      No. 10-14-00073, 2014 Tex. App. LEXIS 10396 (Tex. App.— Waco [10th Dist.] Sept. 18, 2014) (mem. op., not designated for publication) ..................................................................................... A-1

      Order Denying Rehearing ................................................................ A-2

# INDEX OF AUTHORITIES

**United States Supreme Court Cases**

*New York v. Ferber*,
   458 U.S. 747 (1982)............................................................ 12, 14

*Osborne v. Ohio*,
   495 U.S. 103 (1990)............................................................ 12, 14

*R.A.V. v. St. Paul*,
   505 U.S. 377 (1992)................................................................. 6

*Sandstrom v. Montana*,
   442 U.S. 510 (1979)................................................................. 6

*United States v. Williams*,
   553 U.S. 285 (2008)............................................................. 5, 13

*Zablocki v. Redhail*,
   434 U.S. 374 (1978)................................................................. 6


**Texas Court of Criminal Appeals Cases**

*Casarez v. State*,
   913 S.W.2d 468 (Tex. Crim. App. 1994)............................................. 6

*Coronado v. State*,
   351 S.W.3d 315 (Tex. Crim. App. 2011)........................................... 3, 6

*Ex parte Ellis*,
   309 S.W.3d 71 (Tex. Crim. App. 2010)...................... 3, 4, 10, 11, 12, 17

*Ex parte George*,
   152 Tex. Crim. 465, 215 S.W.2d 170 (1948) ...................................... 5, 13

*Ex parte Lo*,
   424 S.W.3d 10 (Tex. Crim. App. 2013)....................................... 4, 5, 10, 11

*Ex parte McIver*,
   586 S.W.2d 851 (Tex. Crim. App. 1979)............................................. 15

*Ex parte Thompson*,
   442 S.W.3d 325 (Tex. Crim. App. 2014)................................... 4, 11, 12, 14

*Ex parte Smith*,
   185 S.W.3d 887 (Tex. Crim. App. 2006).............................................. 3

*Ex parte Tigner*,
   139 Tex. Crim. 452, 132 S.W.2d 885 (1939) ...................................... 5, 13

*Ex parte Wiese*,

55 S.W.3d 617 (Tex. Crim. App. 2001) ...................................................... 3

*Long v. State*,
   931 S.W.2d 285 (Tex. Crim. App. 1996),............................................... 5, 16

*Wise v. State*,
   364 S.W.3d 900 (Tex. Crim. App. 2012)................................................. 16


**Texas Appellate Court Cases**

*Ex parte Barnett*,
   424 S.W.3d 809 (Tex. App.—Waco [10[th] Dist.] 2014, no pet.) ........... 6, 13

*Ex parte Huddleston*,
   No. 10-14-00073, 2014 Tex. App. LEXIS 10396 (Tex. App.—Waco [10th
   Dist.] Sept. 18, 2014) (mem. op., not designated for publication)..... passim

*Ex parte Morales*,
   212 S.W.3d 483 (Tex. App.—Austin 2006, pet. ref'd) ........................ 6, 13

*Ex parte Zavala*,
   421 S.W.3d 227 (Tex. App.—San Antonio 2013, pet. ref'd) .................. 17

*Goyzueta v. State*,
   266 S.W.3d 126 (Tex. App.—Fort Worth 2008, no pet.) ......................... 5

*In re Shaw*,
   204 S.W.3d 9 (Tex. App.—Texarkana 2006, pet. ref'd) ........................... 6

*Watson v. State*,
   No. 10-02-163-CR, 2003 Tex. App. LEXIS 6711
   (Tex. App.—Waco [10[th] Dist.] July 30, 2003) (mem. op., not designated
   for publication)................................................................................. 14

*White v. State*,
   50 S.W.3d 31 (Tex. App.—Waco [10th Dist.] 2001, pet. ref'd) .......... 5, 12


**Texas Constitution**
Tex. Const. art. I, §§ 3,8, 9, 10, 13, 15, 18, 19 & 27.................................VII


**United States Constitution**
U.S. Const. amend. I.............................................................................. passim
U.S. Const. amend. XIV........................................................................VII, 1
U.S. Const. amend. I, IV, V, VIII, & XIV .................................................VII

**Texas Statutes**
Tex. Penal Code § 1.07(a)(39) .................................................................. 16

Tex. Penal Code § 6.01(b)..................................................................... 16
Tex. Penal Code § 6.03(b)..................................................................... 15
Tex. Penal Code § 37.09 ....................................................... 12, 17, 20
Tex. Penal Code § 43.26 (2011)........................................................ passim
Tex. Penal Code § 43.26 (a)(1)(2013)........................................VII, 1, 17, 20
Tex. Penal Code § 43.261 ...................................... 8, 15, 17, 18, 20
Tex. Code Crim. Proc. Ann. art. 1.04......................................................VII
Tex. Code Crim. Proc. Ann. art. 45.0216(b)(2) .......................................... 13
Tex. Code Crim. Proc. Ann. arts. 62.001(5)(B) .......................................... 13

**Texas Rules of Appellate Procedure**
TEX. R. APP. P. 47.1............................................................................ 2
TEX. R. APP. P. 66.3 (a) ................................................................. 2, 6
TEX. R. APP. P. 66.3 (c). ................................................................ 2, 6
TEX. R. APP. P. 66.3 (e) ................................................................... 6
TEX. R. APP. P. 66.3 (f)................................................................. 2, 6

**Texas Legislative History**
House Res. Org., Bill Analysis, S.B. 407, 82nd Leg., R.S. 4, ¶ 6 (2011) ..... 14

**Miscellaneous**
George Orwell, 1984 bk. 1, ch. 8 ................................................. 14

## STATEMENT REGARDING ORAL ARGUMENT

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Petitioner requests that oral arguments be granted. Arguments would benefit the Court because a statute was challenged using several points of law that are issues of first impression, and the question is whether the points raise facial or as-applied challenges.

## STATEMENT OF THE CASE

This case primarily involves the issue of whether challenges to the constitutionality of a statute are cognizable on pretrial writ of habeas corpus. The writ challenges the constitutionality of the child pornography statute. TEX. PENAL CODE § 43.26 (2011), *amended by* TEX. PENAL CODE § 43.26 (2013) (hereafter "43.26").

# STATEMENT OF PROCEDURAL HISTORY

Mr. Huddleston was arrested and jailed on allegations of online solicitation of a minor.[1] On August 14, 2012, Mr. Huddleston was indicted in cause number CR 14,220 for possession of child pornography.[2]

Mr. Huddleston filed an Application for Writ of Habeas Corpus on February 18, 2014,[3] and a supplement to the application on March 3, 2014.[4] Mr. Huddleston's application urged the trial court to declare the child pornography statute, Texas Penal Code § 43.26 (hereafter "43.26"), unconstitutional under vagueness, overbreadth, and equal protection, as encompassed within the Texas Constitution,[5] similar portions of the United States Constitution,[6] and Texas Code of Criminal Procedure.[7]

Judge Reva Towslee-Corbett of the 335th Judicial District Court issued the writ. At the writ hearing on March 3, 2014, the requested relief

---

[1] (I C.R. p. 8)

[2] (I. C.R. p. 6)

[3] (I C.R. 35-87)

[4] (I C.R. 90-105)

[5] Tex. Const. art. I, §§ 3,8, 9, 10, 13, 15, 18, 19 & 27.

[6] U.S. Const. amend. I, IV, V, VIII, & XIV.

[7] Tex. Code Crim. Proc. Ann. art. 1.04.

was "denied in its entirety." [8]

On March 3, 2014, Mr. Huddleston filed Notice of Appeal, [9] and appeal was taken to the 10th District Court of Appeals.

On September 18, 2014, Justice Scoggins authored a memorandum opinion affirming the trial court's decision. *Ex parte Huddleston*, No. 10-14-00073, 2014 Tex. App. LEXIS 10396 (Tex. App.—Waco [10th Dist.] Sept. 18, 2014) (mem. op., not designated for publication). (Appendix A-1)

Petitioner filed a Motion for Rehearing on September 29, 2014. On November 12, 2014, the Waco Court of Appeals denied Petitioner's Motion for Rehearing. *See* Order Denying Rehearing. (App. A-2.)

Chief Justice Gray dissented from the majority's denial of rehearing. *Id.*

Appellant a filed Motion to Extend Time for Filing Petition for Discretionary Review on December 15, 2014. Appellant now files Petition for Discretionary Review asking this Court to remand.

---

[8] (II R.R. 19, ll. 15, 21). See also (I C.R. 106)
[9] (I C.R. 108, 109, and 112)

## QUESTIONS PRESENTED FOR REVIEW

I. Whether the Waco Court of Appeals may deny standing under the First Amendment, and Equal Protection Clause when it does not address standing under First Amendment law, and does not mention equal protection.

II. Whether the Waco Court of Appeals may find pretrial habeas constitutional challenges noncognizable when that finding violates well-established precedent of Texas and the United States Supreme Court.

By pretrial writ of habeas corpus, Mr. Huddleston attacked the constitutionality of the child pornography statute (hereafter "43.26")[10] under the First Amendment, and Due Process and Equal Protection Clauses of the Fourteenth Amendment.

The Waco Court of Appeals said Mr. Huddleston did not have standing because his claims were noncognizable on pretrial habeas review. *Ex parte Huddleston*, 2014 Tex. App. LEXIS 10396 at *3-4. (App. A-1)

Rehearing was summarily denied. Order Denying Rehearing. (App. A-2) Chief Justice Gray dissented because he was inclined to rehear the case on the merits. *Id*.

---

[10] TEX. PENAL CODE § 43.26 (2011), *amended by* TEX. PENAL CODE § 43.26(a)(1) (2013).

## I. QUESTION ONE RESTATED:

The Waco Court of Appeals did not address all issues, applied incorrect legal standards, and ignored well-established law.

### A. REASONS FOR GRANTING REVIEW:

The Waco Court of Appeals failed to address "every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1.

The Waco Court's holding conflicts with important decisions of the United States Supreme Court, this Court, and other Texas appellate courts. TEX. R. APP. P. 66.3 (a), (c).

The Waco Court has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's power of supervision. TEX. R. APP. P. 66.3 (f).

**B. SUMMARY OF FACTS & BASIS FOR ARGUMENT.**

Mr. Huddleston attacked 43.26 based on the First Amendment and equal protection. He alleged strict scrutiny, vagueness, overbreadth, and claims of infringement, discrimination, and disparate treatment of fundamental rights. (For Appellant's claims, *see, infra*, at 14-19.)

The Waco Court used four opinions[11] to support its decision to deny Mr. Huddleston standing.[12] Only half of one opinion involves the First Amendment, but that half was not used, nor was it cited.[13] Equal protection was not mentioned.

Because the cognizability issue requires a different analysis when the First Amendment is involved, that issue could not have been decided based on non-First Amendment law. Because equal protection was not mentioned, there could not have been a final disposition.

Because all of these challenges arise out of important constitutional doctrines defined by higher courts, the Waco Court "[did] not have the luxury or the liberty to ignore binding precedent." *Coronado v. State*, 351 S.W.3d 315, 317 n.5 (Tex. Crim. App. 2011).

---

[11] Ex parte Ellis, 309 S.W.3d 71 (Tex. Crim. App. 2010); Ex parte Smith, 185 S.W.3d 887 (Tex. Crim. App. 2006); Ex parte Wiese, 55 S.W.3d 617 (Tex. Crim. App. 2001); Ex parte Barnett, 424 S.W.3d 809 (Tex. App.—Waco [10th Dist.] 2014, no pet.).

[12] *Huddleston*, 2014 Tex. App. LEXIS 10396 at *2-4.

[13] *Id.* at *1-3 (citing *Ex parte Ellis*, 309 S.W.3d at 79, 80).

## C. ARGUMENT.

### 1. The Waco Court did not use First Amendment law to decide the cognizability of First Amendment claims.

The First Amendment often demands courts apply the "most exacting scrutiny…" *Ex parte Lo*, 424 S.W.3d 10, 15 (Tex. Crim. App. 2013). There is no way the Waco Court honestly judged—much less strictly scrutinized—this case when it failed to even start off with the correct rule of law.

The only opinion referenced by the Waco Court that involves the First Amendment is *Ex parte Ellis*, 309 S.W.3d 71 (Tex. Crim. App. 2010). *Ellis* first deals with money laundering, which has nothing to do with the First Amendment. 309 S.W.3d at 79-82. *Ellis* then discusses campaign contributions, which do implicate the First Amendment. *Id.* at 82-92.

The Waco Court based its decision only on the money-laundering portion; thus, the legal standards supporting its decision are only based on non-First Amendment law. *Huddleston*, 2014 Tex. App. LEXIS 10396 at *1-3 (citing *Ellis*, 309 S.W.3d at 79-80).

First Amendment vagueness and overbreadth claims are analyzed differently than non-First Amendment attacks, and are unquestionably cognizable on pretrial habeas. *Id.* at 80, 82-92. *See Ex parte Thompson*, 442 S.W.3d 325, 333, 349-351 (Tex. Crim. App. 2014) (finding improper

photography statute overbroad on pretrial habeas); *Ex parte Lo*, 424 S.W.3d at 14 (finding online solicitation of minor law overbroad on pretrial habeas).

Further, overbreadth is generally recognized only in the First Amendment context. *Goyzueta v. State*, 266 S.W.3d 126, 131 (Tex. App.—Fort Worth 2008, no pet.). Thus, overbreadth claims cannot be finally disposed of by ignoring First Amendment law.

Moreover, the First Amendment vagueness doctrine "demands a greater degree of specificity than in other contexts," *Long v. State*, 931 S.W.2d 285, 287 (Tex. Crim. App. 1996), utilizes the same overbreadth standard, *White v. State*, 50 S.W.3d 31, 44 & n.13 (Tex. App.—Waco [10th Dist.] 2001, pet. ref'd), and is often entwined with overbreadth. *United States v. Williams*, 553 U.S. 285, 304 (2008). Therefore, the vagueness issue also could not have been properly disposed of by ignoring First Amendment law.

**2. The Waco Court completely ignored claims based on equal protection and fundamental rights.**

Equal protection challenges are reviewable by pretrial writ of habeas corpus. *See Ex parte George*, 152 Tex. Crim. 465, 215 S.W.2d 170 (1948) (criminal licensing law); *Ex parte Tigner*, 139 Tex. Crim. 452, 132 S.W.2d 885 (1939) (criminal anti-trust law).

Pretrial habeas equal protection claims fall under strict scrutiny when they implicate fundamental rights. *Ex parte Morales*, 212 S.W.3d 483, 500 (Tex. App.—Austin 2006, pet. ref'd).[14] *But see In re Shaw*, 204 S.W.3d 9, 17 (Tex. App.—Texarkana 2006, pet. ref'd) (questioning cognizability, yet, deciding anyway).

None of these claims were mentioned. If the 10th Court thought none were cognizable, it at least had to say that (and explain why) because that was necessary to dispose of the claims, and it "[did] not have the luxury or the liberty to ignore binding precedent." *Coronado*, 351 S.W.3d at 317 n.5.

---

[14] *See* Casarez v. State, 913 S.W.2d 468, 473, 477 n.13 (Tex. Crim. App. 1994) (discussing strict scrutiny in fundamental right context of equal protection); R.A.V. v. St. Paul, 505 U.S. 377, 384 n.4 (1992) (in relation to First Amendment); Zablocki v. Redhail 434 U.S. 374 (1978) (right to marry); Sandstrom v. Montana, 442 U.S. 510, 512 (1979) (burden of proof).

## II. QUESTION TWO RESTATED:

The Waco Court of Appeals' reasoning and conclusion are contrary to established law.

### A. REASONS FOR GRANTING REVIEW:

The Waco Court's reason for finding important constitutional claims noncognizable completely contravenes well-established law pronounced by the United States Supreme Court, this Court, and other Texas appellate courts. TEX. R. APP. P. 66.3 (a), (c).

The Waco Court's ill-formulated reasoning, contradictory conclusions, stubborn indifference, and hastily presumptive denial of rehearing all scream out for this Court to exercise its full powers of supervision. TEX. R. APP. P. 66.3 (f).

The justices also disagree on a material point necessary to the court's decision. TEX. R. APP. P. 66.3 (e).

**B.** **SUMMARY OF FACTS & BASIS FOR ARGUMENT.**

Mr. Huddleston attacked intent and conduct features of 43.26(a)(1)-(2), and their intensification due to §§ 37.09(c-1) (tampering with evidence defense for minors), 43.26(h) (law enforcement defense), and 43.261(f) (minor deletion defense). He attacked age definitions in 43.26(a)(1) and (c).

He discussed legislative intent and history for 43.26 and 43.261; confronted the lack of necessary protections in 43.26 provided for in other laws; and considered 43.26's lack of underlying justifications.

The State argued that the attacks do not apply to the facts of this case. (*See, infra*, at 18.)

Yet, the 10th Court found the attacks to be noncognizable, *as-applied* challenges. *Huddleston*, 2014 Tex. App. LEXIS 10396 at *4. It also refused to address legislative history, definitional inconsistency, and underlying justifications because it felt "[p]retrial habeas is not available to test the sufficiency of the charging instrument or to construe the meaning and application of the statute defining the offense charged." *Id.* at 2.

After receiving notice that incorrect legal standards were employed to reach an incorrect conclusion, the 10th Court claimed (in one sentence) that it does not matter since similar statutes were found facially constitutional in other cases. *See* Order Denying Rehearing. (App. A-2).

Chief Justice Gray dissented, however, and was inclined to rehear the case on the merits as a *facial* challenge to the statute's constitutionality. *Id.*

## C. ARGUMENT.

**1.    The Waco Court wrongly determined that statutory applications, meanings, and justifications could not be considered when First Amendment or other fundamental rights are implicated.**

The Waco Court clearly erred by deciding that Mr. Huddleston did not have the right to challenge applications, meanings, or underlying justifications of a statute on pretrial habeas review. One, First Amendment attacks under strict scrutiny, overbreadth, and vagueness always assess statutory meanings, justifications, and applications. Two, strict scrutiny requires the same analysis when fundamental rights are implicated, and equal protection necessarily requires assessment of treatment toward other classes and the justification(s) for such treatment.

### a. *First Amendment attacks must address applications, meanings, and justifications.*

Both *Ex parte Lo*[15] and the second half of *Ex parte Ellis*[16]determine First Amendment overbreadth and vagueness challenges on pretrial habeas. Both consider intent and scienter elements.[17] Both consider the bearing other statutory provisions have on the provisions at issue.[18] Neither considers First Amendment vagueness or overbreadth in a vacuum.

---

[15] 424 S.W.3d at 14 (finding online solicitation of minor statute overbroad).

[16] 309 S.W.3d at 82-92 (deciding election code provisions not vague or overbroad).

[17] *Lo*, 424 S.W.3d at 23; *Ellis*, 309 S.W.3d at 89-90.

*Ex parte Lo* thoroughly discusses statutory justifications, objectives, and applications based on strict scrutiny, confirming that speech laws "must be (1) necessary to serve a (2) compelling state interest and (3) narrowly drawn." 424 S.W.3d at 15. It also defines the stringent demands of being "narrowly drawn." *Id*.

*Ex Parte Thompson* follows the same framework on a pretrial habeas First Amendment challenge. 442 S.W.3d 325 (Tex. Crim. App. 2014). In *Thompson*, this Court assesses the "meaning of consent in other contexts and the wide applicability of the Penal Code definition of 'consent' to statutes in the Code and to statutes outside the Code"[19]; analyzes how any "narrowing construction" might be applied; [20] considers quantity of expressive acts and subsets of expression penalized; [21] looks at possible "secondary effects" underlying the law; [22] and notes that the State's meaning "could have any number of unanticipated and unwelcome consequences when applied in other contexts." *Id*. at 341.

---

[18] *Lo*, 424 S.W.3d at 14-18, 19-20 & nn.40-42, 23-24 (discussing numerous provisions); *Ellis*, 309 S.W.3d at 86 ("several provisions of the Election Code.").

[19] 442 S.W.3d at 342.

[20] *Id.* at 339-342.

[21] *Id.* at 347.

[22] *Id.* at 345-346.

*Thompson* also requires courts to consider whether a law "seeks to restrict and punish speech based on its content…" *Id.* at 15. Further, *Thompson* teaches that the First Amendment protects visual images because they are "inherently expressive," and applies just the same to their "purposeful creation…" *Id.* at 336-37. It even recognizes the need for scrutinizing child pornography laws. *Id.* at 335 (quoting *New York v. Ferber*, 458 U.S. 747, 756 (1982)).

In fact, all First Amendment overbreadth challenges look at how statutory language is applied—even to unknown third parties. *Ex parte Ellis*, 309 S.W.3d at 91. Because overbreadth requires courts to analyze how statutory language is applied, one commentator declares, "There is no such thing as an as-applied overbreadth challenge…" [23] "[A]n overbreadth facial challenge peers beyond the four corners of the statute's face in order to assess the validity of the applications authorized by the statutory terms." [24]

The same is true under First Amendment vagueness. *Id.* at 86. *See White*, 50 S.W.3d at 44 & n.13 (describing same standard as overbreadth). First Amendment vagueness also confers standing to argue "a statute is

---

[23] Luke Meier, A Broad Attack on Overbreadth, 40 Val. U.L. Rev. 113, 129-130 (2005).

[24] Marc E. Isserles, Overcoming Overbreadth: Facial Challenges and the Valid Rule Requirement, 48 Am. U. L. Rev. 359, 365-66 (1998).

overbroad because it is unclear whether it regulates a substantial amount of protected speech." *Williams*, 553 U.S. at 304.

### b. Claims based on fundamental rights and equal protection must also analyze applications, meanings, and justifications.

If fundamental rights are involved, strict scrutiny and principles of equal protection require the same analysis used in First Amendment claims. The Austin Court of Appeals stresses—on pretrial habeas—that an equal protection claim, like due process and vagueness, falls "under strict scrutiny if it implicates a fundamental right." *Ex parte Morales*, 212 S.W.3d 483, 500 (Tex. App.—Austin 2006, pet. ref'd); *see id*. at 490-94, 498.

Some equal protection claims require a similar analysis regardless. In *Ex parte George*, this Court—on pretrial habeas—gives in-depth discussion of underlying justifications for a criminal law mandating licensing requirements for plumbers. 152 Tex. Crim. 465, 215 S.W.2d 170 (1948). In *Ex part Tigner*, this Court—on pretrial habeas—again provides in-depth discussion of an entire criminal anti-trust regulation, and the economic conditions justifying special agricultural exemptions. 139 Tex. Crim. 452, 454-55, 132 S.W.2d 885, 886 (1939).

### *c.* *Mr. Huddleston's challenges are cognizable.*

In *Watson v. State*, the Waco Court finds First Amendment vagueness, overbreadth, and free speech attacks against child pornography laws to constitute "facial challenges." [25] Why find them non-facial in this case?

### 1) Statutory Complaints

The age requirement of 43.26(a)(1) outlaws expressive material depicting persons 17 years of age; yet, sexual conduct is completely legal at that age. TEX. PENAL CODE §§ 21.11(a), 22.011(c)(1).

The distance in age defense of 43.26(c) only protects expression between those within 2 years of age; yet, sexual conduct is permitted for those within 3 years. *Id*. §§ 21.11(b), 22.011(e).

Facially, subsections (a)(1) and (c) unconstitutionally prohibit *expressive components* of legal conduct. *Ex parte Thompson*, 442 S.W.3d at 348 & n.135. There is also no underlying justification of child abuse when the conduct is legal. *Ferber*, 458 U.S. at 759.

Furthermore, 43.26(h) provides a deletion defense to law enforcement and school personnel who in good faith, pursuant to

---

[25] No. 10-02-163-CR, 2003 Tex. App. LEXIS 6711, at *3-4 (Tex. App.—Waco [10th Dist.] July 30, 2003) (mem. op., not designated for publication).

lawful duties, possess child pornographic material under § 43.261.

Also, minors who receive the same material are specifically granted a defense to prosecution under § 43.261(f) if they destroy.

And, minors who destroy under § 43.261(f) are specifically exempted from prosecution for tampering with evidence by § 37.09(c-1).

Resorting only to statutory language, the Legislature included defenses for one class (e.g., minors), and excluded those defenses from another class of adults. The State claims Petitioner is wrong, but cannot explain why the Legislature even needed to express added defenses or protections. The State forgets the "well-known rule of statutory construction in this State and elsewhere that the express mention or enumeration of one person, thing, consequence, or class is tantamount to an express exclusion of all others." [26]

Further, by its language, 43.26(a) is met as soon as one opens a magazine or multi-media message, and realizes it contains child pornography, because the person is "aware . . . that the circumstances exists," [27] has "care, custody, control," [28] and cannot terminate possession.[29]

---

[26] Ex parte McIver, 586 S.W.2d 851, 856 (Tex. Crim. App. 1979) (on State's mot. reh'g).
[27] TEX. PENAL CODE § 6.03(b).

Any act of destruction to terminate one's control will be proof of tampering with evidence or consciousness of guilt,[30] or will not be considered at all. [31]

Whether intentionally sought out or accidentally received, it makes no difference, First Amendment rights are still held "forever hostage" because adults cannot get rid of the information. *Long* , 931 S.W.2d at 294.

The State claims one might still avoid prosecution by promptly turning an item over to the authorities. State's Br. at 17. Doubtful, since authorities even need special protection under 43.26(h). Regardless, the State's reading holds citizens' rights of privacy and expression for naught; burdens citizens to provide adequate explanation; naively ignores consequences of such an arrangement; and fails to reference the date Texas became a kind of police state requiring citizens to *promptly* turn themselves over to the patrols. [32]

The recent amendment to 43.26(a)(1) ("knowingly or intentionally possesses, ***or knowingly or intentionally <u>accesses with intent to view</u>***, [child pornography]"), further muddles meanings, as to both before and after the

---

[28] *Id.* § 1.07(a)(39).

[29] *Id.* § 6.01(b)(*possession* is voluntary by being aware of control for sufficient time to permit **termination** of control, or by knowingly receiving the thing possessed).

[30] *See* Appellant's Reply Br. at 16 & n.62-63 (discussing cases).

[31] Wise v. State, 364 S.W.3d 900, 905 (Tex. Crim. App. 2012) (stating deletion irrelevant to "legal analysis of knowing possession.").

[32] GEORGE ORWELL, 1984 bk. 1, ch. 8.

amendment. TEX. PENAL CODE § 43.26(a)(1) (2013). Although this point

cannot be fully developed due to word limits, it was urged that the specific

intent—*with intent to view*—should modify *possesses* the same as *accesses*.

Thus, if a challenge to "internal inconsistency within the statutory

language . . . is a facial challenge to the constitutionality of the statute rather

than an as-applied challenge..."[33], why did the Waco Court find otherwise?

Adults face sex offender registration.[34] Minors face the equivalent of

an expungable traffic ticket.[35] Thus, why do adults receive significantly less

protection? This applies even to an 18 year old senior who receives an

unwanted, unsolicited sext-message from his 15 year old sophomore

girlfriend—who cannot be prosecuted because she has not "promote[d] to

another minor." TEX. PENAL CODE § 43.261(b)(1).

The primary justification for outlawing private possession of child

pornography is to "encourage[] the possessors of these materials to ***destroy***

them." *Osborne v. Ohio*, 495 U.S. 103, 111 (1990) (emphasis added). But,

adults are penalized for destroying. And, some minors may continue

---

[33] Ex parte Zavala, 421 S.W.3d 227, 231 (Tex. App.—San Antonio 2013, pet. ref'd) (citing *Ex parte Ellis*, 309 S.W.3d at 79-80)).

[34] TEX. CODE CRIM. Proc. ANN. art. 62.001(5)(B).

[35] *Id.* art. 45.0216(b)(2).

possession under § 43.261(e) (minors in dating relationship), even though harm may increase by circulation [36] and bullying and harassment. [37]

The Legislature also realized the harsh, "life-altering," [38] "long-term negative consequences" [39] inherent in 43.26. The Legislature's discussion surrounding 43.261's creation also shows it recognized already occurring instances of discrimination and "selective enforcement"; [40] provided a deletion defense for minors as a necessity for alleviating fears about innocent reception; [41] appreciated the "free speech" and fundamental rights involved; [42] and understood people must "abandon their privacy rights and share their phones just to prove their innocence." [43]

The Waco Court ignores all of this.

2) The underlying facts do not matter.

The challenges do not deal with underlying facts of this particular case. Even the State contended that these claims are "ignoring the actual facts of this case." (R.R. at 14:14) It asserted, "[Mr. Huddleston] has not

---

[36] Appellant's Br. at 66-67 (discussing statistics).

[37] House Res. Org., Bill Analysis, S.B. 407, 82nd Leg., R.S. 3, 6 (2011).

[38] *Id.* 4, ¶ 6.

[39] *Id.* 5, ¶ 3.

[40] *Id.* 6, ¶ 1.

[41] *Id.*

[42] *Id.* 6, ¶ 2.

[43] *Id.*

shown . . . his age-based complaint even ***applies*** to this prosecution." State's Br. at 22. It admitted this case does not involve an indictment for tampering with evidence (R.R. at 15:18), and again urged that Mr. Huddleston's arguments about "this, that, and the other… just ignores the facts in this particular case." (R.R. at 14:6)

The Waco Court does not once state how Appellant's challenges center on particular facts of this case, but then finds they are *as-applied*.

The statutory language is as troublesome for members of this Court and most other Texans as for Mr. Huddleston. Any illustration using Mr. Huddleston merely emphasizes dangerous points where "application of the statute is the same in ***every*** case." Appellant's Br. at 55.

**2.    The Waco Court of Appeals disposed of this case in a manner that threatens the reliability of our justice system.**

After noting Chief Justice Gray's dissent, the order denying rehearing wrongly tried to justify the opinion "[on] the merits" when it already denied standing to even consider the merits. Order Denying Reh'g. This decision cannot be *assumed* proper merely because other cases upheld "similar statutes." *Id.* The complete failure to provide a single ounce of First Amendment law leaves this Court no way to review such a conclusory statement that other cases concerning "similar statutes" make the decision(s) here appropriate.

Besides, many (if not all) claims are of first impression. For age definitions, the State claims there is not "any reported Texas appellate court decision." State's Reply Br. at 20. Similar past attacks are also unlikely since statutes attacked here (like §§ 43.26(a)(1), (h), 43.261, 37.09(c-1)) were amended and or created in 2011 and 2013.

Having right to complain of government wrong is the cornerstone of our justice system. Yet, the Waco Court very casually eliminated an important vehicle for complaining of government intrusion, and protesting unlawful restraint.

Allowing such an inaccurate and indifferent opinion to stand gives a false impression about what the law is, fuels future arguments

contrary to this Court's authority, misleads people about remedies available for harm to important rights, and undermines confidence in the entire judicial department.

## PRAYER

Mr. Huddleston prays this Honorable Court grant the petition, and order briefing to further consider remanding to the Waco Court of Appeals.

Respectfully submitted

*Benton Ross Watson*

Benton Ross Watson
120 E. 1st Street / Box 1000
Cameron, Texas 76520
Tel: 1 (254) 307-8181
Fax: 1 (254) 231-0212
ross@texastopdefense.com
State Bar No. 24077591
Attorney for Curtis Huddleston

## CERTIFICATE OF SERVICE

This is to certify that on January 8, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Burleson County, Texas, by electronic transmission to

jrenken@wacounty.com, and larry@brenhamlaw.com; and by certified

mail return receipt requested at 100 W. Buck, Ste. 407, Caldwell, Texas

77836.

*Benton Ross Watson*
_____
Benton Ross Watson

# CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i) because this brief contains **3,500** words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. This brief complies with the typeface requirements and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been produced on a computer in conventional typeface using Microsoft Word in Times New Roman 14 point font in the body of the brief and Times New Roman 12 point font in the footnotes.

3. The electronic file is virus and malware free.

*Benton Ross Watson*
_____
(Signature of filing party)

## Benton Ross Watson
_____
(Printed name)

## Sole Practitioner
_____
(Firm)

## January 8, 2015
_____
(Date)

## APPENDICES

### <u>TABLE OF CONTENTS</u>

I.    Waco Court of Appeals

    Memorandum Opinion

                                              App. A-1.

    Order Denying Rehearing

                                              App. A-2.

# APPENDIX A-1



IN THE
TENTH COURT OF APPEALS

No. 10-14-00073-CR

EX PARTE CURTIS WAYNE HUDDLESTON,

From the 335th District Court
Burleson County, Texas
Trial Court No. 14,220

MEMORANDUM OPINION

Curtis Wayne Huddleston appeals from the trial court's order denying his pretrial application for writ of habeas corpus. We affirm.

In his sole issue, Huddleston argues that the "child pornography law is invalid under strict scrutiny because it outlaws expression outside the First Amendment free zone demarcated by the courts, destroys fundamental rights, and authorizes seriously discriminatory enforcement." Pretrial habeas, followed by an interlocutory appeal, is an "extraordinary remedy," and appellate courts should be careful to ensure that it is not "misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage." *Ex parte Ellis*, 309 S.W.3d 71, 79

(Tex. Crim. App. 2010); *Ex Parte Barnett*, 424 S.W.3d 809, 810 (Tex.App.-Waco 2014, no pet.). Whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *Ex parte Ellis*, 309 S.W.3d at 79; *Ex Parte Barnett*, 424 S.W.3d at 810.

Pretrial habeas is not available to test the sufficiency of the charging instrument or to construe the meaning and application of the statute defining the offense charged. *Ex parte Ellis*, 309 S.W.3d at 79. Pretrial habeas can be used to bring a facial challenge to the constitutionality of the statute that defines the offense but may not be used to advance an "as applied" challenge. *Id*.

Generally, a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release. *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006); *Ex Parte Barnett*, 424 S.W.3d at 810. When an applicant contends that a criminal statute is facially unconstitutional, he is contending that there is no valid statute and that the charging instrument is therefore void. *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001).

Section 43.26 of the Texas Penal Code provides that:

(a) A person commits an offense if:

(1) the person knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct, including a child who engages in sexual conduct as a victim of an offense under Section 20A.02(a)(5), (6), (7), or (8); and

> (2) the person knows that the material depicts the child as described by Subdivision (1).

TEX. PENAL CODE ANN. § 43.26 (a) (West Supp. 2013). Huddleston argues that the statute is facially unconstitutional, but such an assertion is not, by itself, enough. *See Ex parte Ellis*, 309 S.W.3d at 80. If a claim designated as a facial challenge is in fact an "as applied" challenge, this Court will not consider the merits of the claim. *Id*.

Huddleston asserts that the statute is constitutionally invalid because it criminalizes the mere receipt of information, it criminalizes a substantial amount of protected activity, and it authorizes seriously discriminatory enforcement. First, Huddleston presents situations in which a person innocently receives unsolicited visual material depicting a child younger than 18 years of age engaging in sexual conduct. Huddleston also complains that the statute does not provide a defense that is available to minors under a similar statute. Huddleston's various fact situations present an "as applied" challenge to the statute.

Next, Huddleston argues that the statute is overbroad because it criminalizes protected activity. Huddleston provides examples of conduct that are prohibited, but that are not related to preventing child abuse. Again Huddleston provides various factual situations based upon how the statute is applied. Finally, Huddleston argues that the statute authorizes discriminatory enforcement. Huddleston points out inconsistencies in the age requirement for this statute as compared to other statutes defining minors. Huddleston provides examples that a person would not have notice of when a 17 year old is considered an adult or a child. Huddleston again complains

that minors are provided a defense that is not available to adults. Huddleston's complaints again are based upon application of the statute. Because Huddleston's complaints all concern the statute "as applied," we cannot address the complaints in an interlocutory appeal from a pretrial writ of habeas corpus. We overrule the sole issue.

We affirm the trial court's order denying the pretrial writ of habeas corpus.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed September 18, 2014
[CR25]



# APPENDIX A-2

FILE COPY



# TENTH COURT OF APPEALS

**Chief Justice**
*Tom Gray*

McLennan County Courthouse
501 Washington Avenue, Rm. 415
Waco, Texas 76701-1373
Phone: (254) 757-5200     Fax: (254) 757-2822

**Clerk**
*Sharri Roessler*

**Justices**
*Rex D. Davis*
*Al Scoggins*

November 12, 2014

Clyde W. Chandler
Attorney At Law
120 E. 1st St.
Cameron, TX 76520
\* DELIVERED VIA E-MAIL \*

Benton Ross Watson
120 E 1st Street
Box 1000
Cameron, TX 76520
\* DELIVERED VIA E-MAIL \*

**RE:**     Court of Appeals Number:   10-14-00073-CR
           Trial Court Case Number:   14,220

**STYLE:**  Ex parte Curtis Wayne Huddleston

Relator's Motion for Rehearing is denied today.  Chief Justice Gray would request a response with a view toward granting the motion for rehearing and addressing the merits of the issue as a facial challenge to the validity of the statute.  As to the merits of the issue, similar statutes regarding the possession of child pornography have been determined to not be unconstitutional on their face and, therefore, upon the basis of the analysis and rationale in those cases the trial court's order denying the petition for writ of habeas corpus as well as this Court's judgment affirming that order are proper.  With these comments, Chief Justice Gray respectfully dissents to the summary denial of the motion for rehearing.

Sincerely,

SHARRI ROESSLER, CLERK

By: *Nita Whitener*
    Nita Whitener, Deputy Clerk

CC:   Julie L. Renken (DELIVERED VIA E-MAIL)